FRANCIS KOWING *vs.* WASHINGTON MANLEY and FREDERICK A. MAYHEW.

Where government bonds, deposited with the defendants, by the plaintiff, with express instructions not to deliver them to any person except upon his written order, were subsequently obtained from them, by the plaintiff's wife, fraudulently, by means of a forged order purporting to be signed by him; *Held* that the plaintiff, being legally responsible for the fraud of his wife, he could not recover from the defendants the value of the bonds.

The rule of the common law, on this subject, is not changed, or affected, by the legislation in this State giving to married women the control of their property. While the recent statutes relieve them from many of the disabilities formerly resulting from the marital relation, they do not discharge the husband from the liabilities which that relation imposed on him for the torts of his wife.

THIS case is presented upon exceptions taken at the trial, and ordered to be heard at the general term in the first instance.

The plaintiff Kowing, in September, 1865, left in the defendants' custody certain U. S. securities, which the de-

fendants had purchased for him. After the bonds had been so deposited, in November, 1865, Kowing sent the defendants directions, in writing, not to deliver his bonds to any person, except upon his written order. In January, 1866, Mrs. Mary P. Kowing, the plaintiff's wife, presented to these defendants a written order for these bonds; purporting to be signed by the plaintiff. The defendants, in entire good faith, believing the signature of Kowing to that order to be genuine, delivered the bonds to Mrs. Kowing, under the order, and took her receipt.

The plaintiff repudiated this order, and alleged it to be a forgery; and brought this suit against the defendants for the value of the bonds.

The case was tried at the circuit, in Kings county, before Judge GILBERT and a jury. At the close of the testimony, the counsel for the defense moved to dismiss the complaint on the whole testimony, on the following grounds:

1. That the delivery of the bonds to the wife of the plaintiff was a delivery to the plaintiff. Her possession was his possession.

2. If the order given was genuine, the delivery was by order of the plaintiff.

3. If the order was a forgery, and as she obtained the bonds on this order, she was guilty of a tort, for which the plaintiff, her husband, is liable. And an action would lie by these defendants against both the plaintiff and his wife, to recover the same sum which the plaintiff asks to recover in this action against the defendants, and therefore this action cannot be maintained.

4. The plaintiff's liability for the tort, in and of itself, is an answer to his ability to have a claim founded on that tort; if otherwise, it would work an absurdity in law.

The motion was denied, and the defendants excepted.

The judge instructed the jury that if the order was not genuine, the defendants were liable, and directed them to answer specially certain questions. The jury found speci-

ally, 1. That the order presented by the wife was a forgery. 2. That the bonds were delivered under that order. 3. That the wife was cognizant of the forgery, and fraudulently procured the bonds by means of it.

And on these facts the jury found a verdict for the plaintiff for $10,641.60.

The defendants having excepted to the instructions as to the validity of the order, in case it was forged, the exceptions were ordered to be heard at the general term.

*J. O. Dykeman,* for the plaintiff.

*D. T. Walden* and *James Emott,* for the defendants.

I. The bonds, when delivered to the wife, in the view of the law, came to the possession of the plaintiff. Whether the wife had authority to receive the same or not, the delivery to her was in law a delivery to him. The principles of the common law control the matter, and the relation of these parties is to be determined by the rules of the common law, applicable to husband and wife. A wife, at common law, cannot possess personal property; her possession is the possession of the husband. (*Per Walker, Ch. J., in Ball* v. *Bell, adm'r.* 1 *Alabama Sel. Cas.* 465.) "A delivery to the wife is a delivery to the husband, and the possession of the wife is the possession of the husband." (*Machen* v. *Machen,* 15 *Ala. Rep.* 373. *McDaniel* v. *Whileman,* 16 *id.* 343. *Mason* v. *McNeil,* 23 *id.* 214, 217. *Walker* v. *Fenner,* 28 *id.* 367. *Clancey on Husb. and Wife,* 1, 2, 3.) And this is so, even if the wife obtains possession by a conversion. If, therefore, in this case the wife obtained possession wrongfully from the defendants, her conversion was, in law, to the use of her husband, because her possession is his possession. (*Bacon's Ab.* "*Baron & Feme" L.* 2 *Saund.* 47, *i. Saund. Pl. & Ev.* 870. *Bing. on Cov.* 257, *and cases cited.*) If, therefore, as a matter of

law, by the possession of the wife the husband was in possession, he cannot maintain this action to recover possession of the defendants, or the value of the property.

II. If the wife obtained these bonds on a forged order, as alleged by the plaintiff, then she was guilty of a *tort* for which the husband is liable, and an action would lie by the defendants against both the plaintiff and his wife, to recover the same sum which the plaintiff in this action seeks to recover against the defendants. (1 *Chitty's Pl.* 92. 1 *Parsons on Cont.* 1 *Stephens, N. P.* 746. *Horton* v. *Payne,* 27 *How. Pr.* 374. *Solomon* v. *Waas,* 2 *Hilton, C. P.* 179. *McQueen's Husb. and Wife,* 43 *Law Lib. N. S.* 125, 126, &c. *Reeves' Domestic Rel.* 3d ed. *Parker's Notes,* 148, 149, *marg.* 72, 73. *Goulding* v. *Davidson,* 26 *N. Y. Rep.* 604.) The husband could be charged in execution on the judgment, and both by person and by his property, held to satisfy the claims. (*Solomon* v. *Waas,* 2 *Hilton,* 179.) His liability for the *tort,* in and of itself, is an answer to his ability to have a claim founded on that *tort.* If otherwise, it would work an absurdity in the law. (*See also* 5 *Car. & P.* 484; 3 *Q. B.* 310; 9 *Exch.* 422.)

III. To prevent circuity of actions, the law will bar the plaintiff's recovery; for it is a rule, that if the facts upon which the plaintiff relies to recover will charge him, and create a liability on his part, to the same amount, the court will prevent his recovery. (*Broom's Maxims, marg. p.* 309, *and cases cited,* 5th *Am. ed. per Lord Denman, Ch. J. Walmesley* v. *Cooper,* 11 *A. & E.* 221. *Lewis, Ch. J.,* 15 *Com. Bench,* 62. *Carr* v. *Stephens,* 9 *Barn. & Cr.* 758. *Simpson* v. *Swan,* 3 *Campb.* 291, 293. *Turner* v. *Davies,* 2 *William's Saund. R.* 150, *note* 2.) In an action for *tort,* for the conversion by the wife, brought by the defendants, the suit would be against both husband and wife. The law of 1862 does not permit her to be sued alone for her *torts;* her position is now as at common law, and the provisions of that act only apply to cases where she can sue alone. (*Horton* v. *Payne,* 27 *How.Pr.* 374.)

IV. Although an action for a *tort* of the wife lies against the husband and wife jointly, the *tort* is the *tort* of the husband; he is taken in execution, and his property must answer for the damages.   The rule requiring her to be joined, is merely a rule of practice.

V. The verdict should be set aside and a new trial granted; unless judgment is ordered for the defendants.

*By the Court,* LOTT, P. J.   Two material facts are established by the special findings of the jury in this case; first, that the bonds in question were delivered by the defendants to the plaintiff's wife without his written order; and, second, that such delivery was fraudulently obtained by her.   The plaintiff had given the defendants express instructions not to deliver the bonds to any person except upon such an order.   The first finding, unaffected by the second, would therefore be sufficient to charge the defendants with their value.   So, on the other hand, the fraud practiced by the plaintiff's wife upon the defendants has made him responsible for the consequence of that fraud. (*See Reeves' Domestic Relations,* 72; 2 *Kent's Com.* 149, &c.; *Goulding* v. *Davidson,* 26 *N. Y. Rep.* 604, &c.)   This rule of the common law is not changed or affected by the legislation in this State, giving married women the control of their property.   While it relieves them from many of the disabilities formerly resulting from the marital relation, it does not discharge the husband from the liabilities which that relation imposed on him for the torts of his wife.

Under such circumstances the plaintiff should not be permitted to recover of the defendants damages resulting from an act of the defendants that was caused by a fraud for which he himself is legally responsible.   If he himself had been a participant in the fraud, there certainly could not have been any recovery; and there is no reason or principle why he should stand in a better situation when

the law makes him responsible for the act, although he had no actual participation in it.

If the plaintiff should be permitted to recover in this suit, the defendants could immediately commence and maintain an action against him and his wife, jointly, in which a recovery would be had, to the amount of his judgment, for damages against them. Such a circuity of action would be inconsistent with the ends of justice, and with the principles which now prevail in the enforcement of civil remedies.

These views lead us to the conclusion that the general verdict was unauthorized, and as the last special finding of fact is inconsistent with that general verdict, it must, under section 262 of the Code, control the latter, and the defendants are accordingly entitled to judgment thereon, with costs.

[DUTCHESS GENERAL TERM, May 14, 1868. *Lott*, P. J., and *J. F. Barnard*, *Gilbert* and *Tappen*, Justices.]